O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LOGAN, | ) | CASE NO. CV 09-01691 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

      Plaintiff asserts a lack of substantial evidence to support the Administrative Law Judge's determination that Plaintiff could perform a limited range of light work. The consultant opined that Plaintiff could perform a medium level of work and, since the ability to perform work at a medium level subsumes the ability to perform work at a light level, 20 C.F.R. § 416.967(c), the consultant's opinion is evidence upon which the Administrative Law Judge was entitled to rely. Moreover, the Administrative Law Judge had good reasons for being more lenient than the consultant; the consultant had not considered recent spinal testing evidence [AR 12], and the Administrative Law Judge took Plaintiff at his word that he suffered from dyslexia. [AR 12-13]

      Plaintiff asserts that because he received treatment but the treatment records did not disclose a residual functional capacity, that the Administrative Law Judge had an obligation to re-contact treating sources. This is not the law, however. Rather, the

1 obligation to re-contact arises when there is an ambiguity in the record which prevents a
2 determination on the merits. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001)
3 (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). That was not the case
4 here; the consultant's opinion, moderated to Plaintiff's benefit, provided an unambiguous
5 basis for reaching a decision. The Court perceives no error in the Administrative Law
6 Judge's determination of Plaintiff's residual functional capacity.

7 Plaintiff also asserts that the Administrative Law Judge wrongly discounted
8 his subjective complaints. The Court disagrees. Disc problems certainly can be expected
9 to produce pain, but the Administrative Law Judge did not gainsay this fact. Rather, she
10 gave supportable reasons that Plaintiff's condition was not disabling the way Plaintiff
11 asserted. First, the extent of the medical evidence did not lend credence to Plaintiff's
12 claim. While the back problems were clear, the medical evidence did not indicate
13 radiculopathy or strength limitations. [AR 12] Objective medical evidence cannot alone
14 discredit a claimant's subjective complaints, but it is still a factor that an administrative law
15 judge can consider in making her assessment. *Rollins v. Massanari*, 261 F. 3d 853, 857
16 (9th Cir. 2001). Second, the Administrative Law Judge noted that Plaintiff's treatment had
17 been fairly conservative, primarily involving the use of Tylenol, Motrin and Vicodin, rather
18 than more serious treatment such as epidural injections or surgery. [AR 12] This did not
19 mean that Plaintiff did not experience pain, but rather that there was reason to believe that
20 the pain was not disabling. This too was a factor the Administrative Law Judge was
21 entitled to consider. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). Finally, the
22 Administrative Law Judge fashioned a residual functional capacity to take into account
23 Plaintiff's symptoms, moderating the RFC proposed by the consultant and state agency
24 physicians, adding in a requirement of a sit/stand option and prohibiting extensive reading,
25 in deference to Plaintiff's report of having dyslexia. [AR 12-13] Another fact-finder might
26 have seen the facts differently, but the Court is required to accept those found by this
27
28

hearing officer, even if reasonable minds might differ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

There being no error, the decision of the Commissioner is affirmed.

DATED: January 5, 2010

```
_____
        RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE
```